**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ESTATE OF JASON ABNEY, SR., ) | |
| JOYCE ABNEY, and ) | |
| CLIFFORD ABNEY, SR., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:06CV1258-DJS |
| ) | |
| CITY OF PARK HILLS, MISSOURI, ) | |
| RICHARD MCFARLAND, and ) | |
| ESTATE OF MARK ABNEY, ) | |
| ) | |
| Defendants. ) | |

### ORDER

The Estate of Jason Abney, Sr. in addition to Jason Abney's parents, Joyce and Clifford Abney, Sr., brought the instant action against defendants City of Park Hills, Richard McFarland, and Estate of Mark Abney. Upon a review of the instant action and the applicable statutes and case law, the Court makes the following findings. "The personal estate of a decedent is not a legal entity. It cannot sue or be sued as such." Estate of Munzert, 887 S.W.2d 764, 766 (Mo. App. E.D. 1994) (citing In re Estate of Cromwell, 522 S.W.2d 36, 40 (Mo. App. E.D. 1975)). "As a result, the personal representative is an indispensable party to any action pertaining to the decedent's estate." Weems v. Montgomery, 126 S.W.3d 479, 487 n.12 (Mo. App. W.D. 2004). "The duty of the personal representative is to secure the assets for the benefit of probate expenses, creditors and thereafter distribution under a

will or the intestate law." In re Estate of Pilla, 735 S.W.2d 103, 105 (Mo. App. E.D. 1987). "The failure to join an indispensable party to litigation is so fundamental and jurisdictional as to require its consideration by this court whether raised by the parties or not." Spellerberg v. Huhn, 672 S.W.2d 728, 729 (Mo. App. E.D. 1984) (citing Riley v. Riley, 603 S.W.2d 32 (Mo. App. W.D. 1980)).

For the aforementioned reasons, plaintiff Estate of Jason Abney, Sr. is not a proper party to the instant action. While the Court, upon plaintiffs' motion, appointed Joseph Neill as a defendant ad litem for the Estate of Mark Abney for service of process, Mo. Rev. Stat. 537.021.1(2) instructs that a defendant ad litem may only be appointed to act in the capacity of the legal representative of the deceased wrongdoer, not his estate.

> Should the plaintiff in such cause of action desire to satisfy any portion of a judgment rendered thereon out of the assets of the estate of such deceased wrongdoer, such action shall be maintained against a personal representative appointed by the probate division of the circuit court and the plaintiff shall comply with the provisions of the probate code with respect to claims against decedents' estates.

Mo. Rev. Stat. 537.021.1(2). Consequently, defendant Estate of Mark Abney is also not a proper party to the instant action.

Also before the Court are two motions for appointment of next friend. Plaintiff Clifford Abney has filed a motion for appointment of next friend for Kyle Abney--the son of the deceased Jason Abney, Sr. and grandson of plaintiff Clifford Abney.

2

Plaintiff Joyce Abney has filed a motion for appointment of next friend for Jason Abney, Jr.--the son of the deceased Jason Abney, Sr. and grandson of plaintiff Joyce Abney. Pursuant to Mo. Rev. Stat. 507.140, as both infants are below the age of fourteen years, the appointment of next friends may be made upon petitions of relatives of the infants, however notice must first be given to the person or persons with whom the infants reside. Neither motion before the Court represents that such notice has been provided.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs may amend the instant complaint or show cause why an amendment is unnecessary no later than **December 29, 2006**.

**IT IS FURTHER ORDERED** that plaintiff Joyce Abney's motion for appointment of next friend for Jason Abney, Jr. [Doc. #17] is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff Clifford Abney, Sr.'s motion for appointment of next friend for Kyle Abney [Doc. #18] is denied without prejudice.

Dated this  8th  day of December, 2006.

    /s/Donald J. Stohr
    UNITED STATES DISTRICT JUDGES