```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


JOYCE ABNEY and                        )
CLIFFORD ABNEY, SR.,                   )
                                       )
            Plaintiffs,                )
                                       )
      vs.                              )    No. 4:06CV1258-DJS
                                       )
CITY OF PARK HILLS, MISSOURI,          )
RICHARD MCFARLAND, and                 )
MARK ABNEY,                            )
                                       )
            Defendants.                )
```

### MEMORANDUM AND ORDER

Plaintiffs' complaint asserts a wrongful death claim against defendant Mark Abney and avers that defendant Abney crashed a car while under the influence and killed himself and his nephew, Jason Abney, Sr., another occupant of the car. The complaint also asserts claims against defendant City of Park Hills and its police officer, defendant Richard McFarland, for failing to detain defendant Abney after defendant McFarland stopped defendant Abney. Plaintiffs are the parents of the deceased Jason Abney, Sr., and the grandparents and next friends of Jason Abney, Sr.'s sons, Kyle Abney and Jason Abney, Jr.

Now before the Court are plaintiffs' motion and amended motion for approval of compromise settlement between plaintiffs and defendant Abney by defendant ad litem Joseph Neil. The Court will deny without prejudice plaintiff's earlier-filed motion in light of the later-filed amended one. Furthermore, the Court will hold a

hearing concerning plaintiff's amended motion for approval of compromise settlement.

Jason Abney, Sr.'s parents, spouse, children and/or surviving lineal descendants may bring suit for wrongful death damages pursuant to Mo. Rev. Stat. § 537.080.1(1). At the hearing, the Court will require testimony and evidence concerning the identity of all members of the aforementioned class of potential plaintiffs, including, but not limited to, evidence relevant to the following inquiries: whether the deceased had a spouse; whether he ever married the mother of his two sons; and whether Kyle Abney and Jason Abney, Jr. are the deceased's only two children and surviving lineal descendants.

> [I]f two or more persons are entitled to sue for and recover damages as herein allowed, then any one or more of them may compromise or settle the claim for damages with approval of any circuit court, or may maintain such suit and recover such damages without joinder therein by any other person, provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080. Any settlement or recovery by suit shall be for the use and benefit of those who sue or join, or who are entitled to sue or join, and of whom the court has actual written notice.

Mo. Rev. Stat. § 537.095.1. As noted above, plaintiffs shall satisfy the Court that they have diligently attempted to notify all parties having a cause of action under Mo. Rev. Stat. § 537.080.1(1).

Pursuant to Mo. Rev. Stat. § 537.095.3, the Court will apportion the approved total settlement among those entitled

2

thereto in proportion to each person's respective losses. Therefore, plaintiffs shall be prepared to offer evidence concerning the losses suffered by each of the persons entitled to bring suit. "[I]t is a fundamental consideration that the manifest purpose of the wrongful death statute is to provide compensation for the loss of the companionship, comfort, instruction, guidance and counsel, etc., to statutorily designated, and hence a limited number, of relatives of a decedent wrongfully killed by a tortfeasor." Denton v. Soonattrukal, 149 S.W.3d 517, 523-24 (Mo. App. S.D. 2004) (citations omitted).

Joseph Neil was appointed as defendant ad litem for defendant Mark Abney, as the alleged "deceased wrongdoer was insured against liability for damages for wrongdoing and damages may be recovered from the wrongdoer's liability insurer," pursuant to Mo. Rev. Stat. § 537.021.1(2). At the hearing the Court will require plaintiff to offer evidence showing that defendant Mark Abney was "insured against liability for damages for wrongdoing and [that] damages may be recovered from the wrongdoer's liability insurer." See, e.g., Spicer v. Jackson, 853 S.W.2d 402, 403 (Mo. App. W.D. 1993) ("[P]roof of the existence of liability insurance coverage which insured the deceased tortfeasor is essential to the maintenance of an action against a defendant ad litem appointed pursuant to section 537.021.1, RSMo 1986, and . . . the absence of such proof renders the appointment of a defendant ad litem

3

erroneous."); State ex rel. Kasmann v. Hamilton, 731 S.W.2d 345, 347 (Mo. App. W.D. 1987) (holding that failure of the injured party to provide adequate proof of liability coverage of decedents during pertinent period made appointment of defendant ad litem improper). Furthermore, the parties shall be ready to provide evidence concerning the costs, if any, to the defendant ad litem, pursuant to Mo. Rev. Stat. § 537.021.3. The presence of defendant ad litem Joseph Neil at the hearing is required.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for approval of compromise settlement [Doc. #31] is denied without prejudice in light of plaintiffs' later-filed amended motion for approval of compromise settlement [Doc. #33].

**IT IS FURTHER ORDERED** that a hearing on plaintiffs' amended motion for approval of compromise settlement [Doc. #33] is set for **Wednesday, January 31, 2007 at 9:30 a.m.**, at which the Court will require evidence and testimony as discussed in the above memorandum, including live testimony by Joyce Abney, as next friend for her grandson Jason Abney, Jr., and Clifford Abney, Sr., as next friend for his grandson Kyle Abney, in support of the motion.

**IT IS FURTHER ORDERED** that any potential claimant seeking a share in the settlement proceeds shall file with the Court, no later than **January 19, 2007**, a Notice of Claim. A claimant intending to appear at the January 31, 2007 hearing shall so

indicate in the Notice of Claim, and shall state whether he or she will appear with counsel or pro se.  A claimant not intending to appear at the hearing shall file with the Notice of Claim an affidavit and any other written material supporting the claim.

**IT IS FURTHER ORDERED** that plaintiffs shall provide notice of the proposed settlement and of the scheduled hearing to all potential claimants pursuant to Mo. Rev. Stat. §§ 537.080.1 and §537.095.  Plaintiffs shall file a copy of the notice and counsel's affidavit attesting to the date, manner, and recipients of notice no later than **January 8, 2007.**  The notice shall include a copy of this order and shall include the following:  "In order to pursue a claim to any part of the proposed settlement you must file a Notice of Claim with the Court no later than January 19, 2007.  Please see the provisions of the attached Court order for the detailed requirements of the Notice of Claim."

Dated this 28th day of December, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGES