**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOYCE ABNEY and ) | |
| CLIFFORD ABNEY, SR., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:06CV1258-DJS |
| ) | |
| CITY OF PARK HILLS, MISSOURI, ) | |
| RICHARD MCFARLAND, and ) | |
| MARK ABNEY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The Court's Order of December 28, 2006 [Doc. #35] set a hearing for Wednesday, January 31, 2007 at 9:30 a.m. concerning plaintiffs' amended motion for approval of compromise settlement between plaintiffs and defendant Abney by defendant ad litem Joseph Neil. The Order set forth several subjects on which the Court expects to hear evidence and required the physical presence of plaintiffs and defendant ad litem Neil. Plaintiffs' motion to submit proposed settlement on affidavits is now before the Court. The instant motion indicates that plaintiffs have been forced to relocate to Fresno, California after plaintiffs' home caught fire. Due to plaintiffs' lack of financial resources and an affordable means of transportation, they request leave to submit the evidence requested in the Court's Order by affidavit. Additionally, plaintiffs request leave to allow defendant ad litem Neil to also

appear by affidavit.  Counsel for the insured, deceased defendant Mark Abney has no objection to the instant motion.

The Court will grant the motion and require plaintiffs and defendant ad litem Neil each to file, no later than January 26, 2007, an affidavit setting out **all the information required by the Court's Order of December 28, 2006 and Mo. Rev. Stat. §§ 507.110-220 and 537.010-100**. Furthermore, in addition to the afore stated requirements, the Court will require each plaintiff's affidavit to address the following matters: (1) plaintiff's age, the age of the minor for whom the plaintiff is the next friend, and their relationship; (2) the minor's age at the time of the incident in question; (3) plaintiff's knowledge and understanding concerning the right to trial by jury, the burden of proof that would fall on plaintiff if he or she would exercise the right to trial, and the risks pertaining to recovery that are associated with that right; (4) the basis for the amount of the settlement; (5) plaintiff's knowledge of the total amount of the settlement and plaintiff's proffered justification for the proposed apportionment thereof; (6) plaintiff's satisfaction with the advice and representation of his or her counsel; (7) plaintiff's understanding and agreement concerning the extent to which the settlement extinguishes all other claims and forever closes all other avenues of legal recourse against defendant Mark Abney arising out of the incident in question; (8) plaintiff's understanding of his or her

responsibilities as a next friend, and an explanation as to why his or her interests do not conflict with the minor he or she represents; (9) the role the minor's mother plays in his care and keeping; and (10) the identity of the person or persons who are caring for and have custody of the minor, and any future plans concerning his care.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to submit proposed settlement on affidavits [Doc. #38] is granted, and the Court's Order of December 28, 2006 [Doc. #35] is vacated to the extent that it is inconsistent with the instant order and to the extent that it requires the physical presence of plaintiffs and defendant ad litem Joseph Neil at the January 31, 2007 hearing on plaintiffs' amended motion for approval of compromise settlement [Doc. #33].

**IT IS FURTHER ORDERED** that plaintiffs and defendant ad litem Joseph Neill each shall file an affidavit as discussed in the above memorandum no later than **January 26, 2007**.

Dated this __9th__ day of January, 2007.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGES