```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


JOYCE ABNEY and                      )
CLIFFORD ABNEY, SR.,                 )
                                     )
           Plaintiffs,               )
                                     )
     vs.                             )    No. 4:06CV1258-DJS
                                     )
CITY OF PARK HILLS, MISSOURI,        )
RICHARD MCFARLAND, and               )
MARK ABNEY,                          )
                                     )
           Defendants.               )
```

### MEMORANDUM AND ORDER

Plaintiffs' complaint asserts a wrongful death claim against defendant Mark Abney and avers that defendant Abney crashed a car while intoxicated and killed himself and his nephew, Jason Abney, Sr., another occupant of the car. The complaint also asserts claims against defendant City of Park Hills and its police officer, defendant Richard McFarland, for failing to detain defendant Abney after defendant McFarland stopped defendant Abney. Plaintiffs are the parents of the deceased Jason Abney, Sr., and the grandparents of his sons, Jason Abney, Jr. and Kyle Abney.

Now before the Court is plaintiffs' amended motion for approval of compromise settlement between plaintiffs and defendant Abney by defendant ad litem Joseph V. Neill [Doc. #33], and plaintiffs' memorandum with an attached second amended proposed order approving compromise settlement [Doc. #43]. The Court set a hearing on plaintiff's amended motion for January 31, 2007.

Plaintiffs sought and received leave for plaintiffs and defendant ad litem Neill to appear at the hearing by affidavit. Upon review of plaintiffs' and defendant ad litem Neill's affidavits and plaintiffs' filings, the Court will cancel the January 31, 2007 settlement hearing and grant the amended motion for approval of compromise settlement as follows.

Contrary to plaintiffs' memorandum [Doc. #43], the second amended proposed order approving compromise settlement [Doc. #43-2] does not account for Joseph Neill's defendant ad litem fees. The proposed settlement also recites two different amounts of plaintiff's attorney's fees and expenses: $8,962.66 and $8,812.66. The Court will adopt and approve plaintiffs' second amended proposed order approving compromise settlement to the extent that it is consistent with the instant Memorandum and Order. As plaintiffs' attorney's fees and expenses should not include the $150.00 owed to Joseph Neill, the Court will only approve payment of fees and expenses to plaintiffs' counsel in the amount of $8,812.66.

In light of the fact that the deceased Jason Abney, Sr. never married, the Court finds that plaintiffs Joyce Abney and Clifford Abney, Sr.--the parents of the deceased--and Jason Abney, Jr. and Kyle Abney--the children and only surviving lineal descendants of the deceased--are the only persons entitled to share in the proceeds of a wrongful death action based on the death of

2

Jason Abney, Sr., pursuant to Mo. Rev. Stat. § 537.080.1(1). Plaintiff Joyce Abney has been appointed as next friend for Jason Abney, Jr., a minor aged four, and plaintiff Clifford Abney, Sr. has been appointed as next friend for Kyle Abney, a minor aged one. The fair and reasonable total settlement of $25,000.00 reached by the parties and reflected in plaintiffs' second amended proposed order is in the best interests of the persons entitled to share in the proceeds and is approved.[1] Pursuant to Mo. Rev. Stat. § 537.095.3, the Court is to apportion the approved total settlement among those entitled thereto in proportion to each person's respective losses.

Plaintiffs' second amended proposed order awards plaintiffs with $12,037.34, Jason Abney, Jr. with $2,000.00, and Kyle Abney with $2,000.00.[2] However, the Court is not persuaded that such an apportionment of the settlement proceeds properly "provide[s] compensation for the loss of the companionship, comfort, instruction, guidance and counsel" the children of the deceased Jason Abney, Sr. have suffered in relation to the entire settlement, after subtracting attorney's fees and expenses. Denton

---

[1] Defendant Abney's insurance policy only provides coverage up to $25,000.00.

[2] In their affidavits, plaintiffs testify that they will place the $2,000.00 apportioned to each minor child into an account exclusively for that child's use.

3

v. Soonattrukal, 149 S.W.3d 517, 523-24 (Mo. Ct. App. 2004) (citations omitted).

The Court finds the following apportionment of the settlement to be fair and reasonable. From the total settlement proceeds of $25,000.00, plaintiffs shall pay the fair and reasonable sums of $8,812.66 to their attorney, James W. Schottel, Jr. of Schottel & Associates, P.C., for his fees and expenses and $150.00 to Joseph V. Neill for his fees as defendant ad litem. After the payment of attorney's fees and defendant ad litem fees, the settlement proceeds' balance of $16,037.34 should be released and distributed as follows. Plaintiffs Joyce Abney and Clifford Abney, Sr. will each receive $2,000.00. Jason Abney, Jr. and Kyle Abney, through their respective next friends, plaintiffs Joyce Abney and Clifford Abney, Sr., will each receive $6,018.67. As discussed in her affidavit, plaintiff Joyce Abney is directed to deposit $2,000.00 of Jason Abney, Jr.'s portion of the settlement proceeds into an account exclusively for his use. As discussed in his affidavit, plaintiff Clifford Abney, Sr. is directed to deposit $2,000.00 of Kyle Abney's portion of the settlement proceeds into an account exclusively for his use. Plaintiffs, as the persons having care and custody of Jason Abney, Jr. and Kyle Abney, are to receive the remaining amount of the minors' settlement proceeds and use it for the benefit, care, and keeping of Jason Abney, Jr. and Kyle Abney, pursuant to Mo. Rev. Stat. § 475.330.1(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' amended motion for approval of compromise settlement between plaintiffs and defendant Abney by defendant ad litem Joseph V. Neill [Doc. #33] is granted as follows, and a judgment shall be entered herein this day.

**IT IS FURTHER ORDERED** that plaintiffs' second amended proposed order approving compromise settlement [Doc. #43-2] is adopted to the extent that it is consistent with the above Memorandum.

**IT IS FURTHER ORDERED** that the settlement hearing scheduled for January 31, 2007 at 9:30 a.m. is canceled.

**IT IS FURTHER ORDERED** that plaintiffs shall file a motion to dismiss their remaining claim against defendant Mark Abney, Count V, or show cause why the claim should not be dismissed no later than **February 16, 2007.**

Dated this ___24th___ day of January, 2007.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE